# EXHIBIT "B"

## COMPLAINT TO TRANS UNION, LLC

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                                         DISTRICT COURT

```
CRAIG C. DOLLOFF                        )
                                        )
     Plaintiff.                         )
                                        )
     v.                                 )
                                        )
EXPERIAN                                )
     C T Corporation                    )
     101 Federal Street                 )
     Boston, MA 02110                   )
                                        )
TRANS UNION Credit Information          )
     U. S. Corporation                  )
     84 State Street                    )
     Boston, MA 02109                   )
                                        )
EQUI-FAX Information Services           )
     Prentice-Hall Corp SYS, Inc.       )
     84 State Street                    )
     Boston, MA 02109                   )
                                        )
     Defendant.                         )
                                        )
```

## **COMPLAINT**

1.  The plaintiff, Craig C Dolloff is suing the credit bureaus Experian, Trans Union, and Equifax over non-compliance of the United States Federal Trade Commission Fair Credit Reporting Act, (FCRA, Section 623, [15 U.S.C. § 1681s-2]. FCRA § Section 623, [15 U.S.C. § 1681s-2] outlines Responsibilities of furnishers of information to consumer reporting agencies (Credit Bureaus).

2. On May 31, 2016 Plaintiff disputed negative reporting by CitiMortgage and American Express with a certified letter, to all 3 credit-reporting agencies (Defendants). Within 30 days, all three agencies reported back to the plaintiff that the disputed negative reporting was verified.

3. Following FCRA guidelines, the plaintiff sent a certified letter, on June 21, 2016, to CitiMortgage requesting proof of Plaintiff approval to perform "Hard-Inquires" against the Plaintiff credit and requesting the Plaintiff's right to a furnishers investigation and proof that he approved these Hard-Inquires against his credit under the FCRA, Section 623, [15 U.S.C. § 1681s-2]. A representative of CitiMortgage received the certified letter on June 24, 2016. The Plaintiff did not hear back from CitiMortgage within the legally required 30 days from receipt.

4. Following FCRA guidelines, the Plaintiff send a certified letter, on June 21, 2016 to CitiMortgage requesting an investigation and proof that the Plaintiff was listed on two settled mortgages that CitiMortgage was adversely reporting negative information against the Plaintiff's credit and requested his right to a furnishers investigation and proof that the Plaintiff was listed on the two mortgages, as required by the FCRA Section 623, [15 U.S.C. § 1681s-2]. A representative of CitiMortgage received the certified letter on June 24, 2016. . The Plaintiff did not hear back from CitiMortgage within the legally required 30 days from receipt.

5. Following FCRA guidelines, the plaintiff sent a certified letter, on June 21, 2016, to American Express requesting proof that the Plaintiff was indeed late on two occasions and requesting the Plaintiff's right to a furnishers investigation and proof that he the Plaintiff was indeed late on his payments as listed in the Plaintiffs credit under the FCRA, Section 623, [15 U.S.C. § 1681s-2]. A representative of American Express received the certified letter on June 29, 2016. The Plaintiff did not receive proof from American Express within the legally required 30 days from receipt.

### Violation of the Fair Credit Reporting Act 623 [15 U.S.C. § 1681s-2]

6. CitiMortgage did not respond to the Plaintiff with proof, with regard, to the furnisher's investigation of the "HARD-INQUIRIES" on the Plaintiff, or the reported mortgages, within the 30-day limit, as required by law. (FCRA Section 623, [15 U.S.C. § 1681s-2])

7. American Express did not respond to the Plaintiff with proof, with regard, to the furnisher's investigation of late payments on the Plaintiff's credit, within the 30-day limit, as required by law. (FCRA Section 623, [15 U.S.C. § 1681s-2])

8. The plaintiff called the Defendants (Experian, Trans Union, and Equifax) on July 26, 2016, in order to provide proof of the Plaintiff's compliance with the FCRA law and proof of the furnisher's non-compliance with the Fair Credit Reporting Act Section 623, [15 U.S.C. § 1681s-2]. All of the Defendants would not remove the negative reporting from CitiMortgage, even after sending the requested proof to their agencies. All three Defendants are complicit in not following the Fair Credit Reporting Act law – FCRA- Section 623, [15 U.S.C. § 1681s-2] as written.

9. The Plaintiff sent all three credit reporting agencies, (Experian, Trans Union and Equifax) a certified letter under the provisions of Massachusetts General Laws, Chapter 93A, Section 9, the Consumer Protection Act, in an effort for rectify the current wrong and to remove all derogatory information on the Plaintiff credit reports under the provision of the Fair Credit Reporting Act Section 623, [15 U.S.C. § 1681s-2]. None of the derogatory information was removed nor did the credit bureaus (Defendants) follow the law as written.

## **RELIEF**

10. The plaintiff expects that the Defendants will remove all negative reporting from CitiMortgage with regard to the plaintiff's Hard-Inquires and the settled mortgages.

11. The plaintiff has suffered by not being able to get loans, or credit lines, due to the negative and unfair reporting of the Plaintiff's credit and is seeking relief of treble damages of relief, as outlined in the Plaintiff's Massachusetts General Laws, Chapter 93A, Section 9, the Consumer Protection Act letter to the Defendants. The amount of five thousand dollars ($5,000.00), from each credit-reporting agency, was communicated through certified letter utilizing the provisions of Massachusetts General Laws, Chapter 93A, Section 9, the Consumer Protection Act.

Everything I have written above is true and correct to the best of my knowledge.

                                                The Plaintiff,
                                                CRAIG C. DOLLOFF

                                                Craig C. Dolloff
                                                285 St. George Street #217
                                                Duxbury, MA 02332
                                                Tel: 781-831-4414
                                                Fax: 781-846-0420

DATED: October 20, 2016

August 12, 2016

Craig C. Dolloff
285 St. George Street #217
Duxbury, MA 02332

EXPERIAN
P.O. Box 9701
Allen, TX 75103

TRANS UNION, LLC.
P.O. Box 2000
Chester, PA 19016

EQUI-FAX, LLC.
P.O. Box 740241
Atlanta, GA 30374

Dear Experian, Trans Union and Equifax:

I am writing to you under the provisions of Massachusetts General Laws, Chapter 93A,
Section 9, the Consumer Protection Act. I am writing to request relief as outlined in that statute.

> On May 31, 2016, I disputed negative reporting by CitiMortgage and American Express, by certified letter, to all 3 credit-reporting agencies. Within 30 days, all three agencies reported back to me that the disputed negative reporting was verified, but not investigated.
>
> Following the Fair Credit Reporting Act, (FCRA), guidelines, I sent a certified letter, on June 21, 2016, to CitiMortgage requesting my right to a "Furnishers Investigation" and for the furnisher to provide evidence, or proof, that I approved the Hard-Inquiries" performed on my credit as required by the FCRA Section 623, [15 U.S.C. § 1681s-2]. A representative of CitiMortgage received my certified letter on June 24, 2016. I never heard back from CitiMortgage.
>
> Following the Fair Credit Reporting Act, (FCRA), guidelines, I sent a second certified letter, on June 21, 2016, to CitiMortgage requesting my right to a "Furnishers Investigation" and for the furnisher to provide evidence, or proof, that I was a signer on both of the mortgages, as required by the FCRA Section 623, [15 U.S.C. § 1681s-2]. A representative of CitiMortgage received my certified letter on June 24, 2016. I never heard back from CitiMortgage.
>
> Following the Fair Credit Reporting Act, (FCRA), guidelines, I sent a certified letter, on June 21, 2016, to American Express requesting my right to a "Furnishers Investigation" and for the furnisher to provide evidence, or proof, that I was actually late on any of my payments a required by the FCRA Section 623, [15 U.S.C. § 1681s-2]. A representative of American Express received my certified letter on June 23, 2016. I never received the evidence I requested that supports and substantiates the information from the furnisher.
>
> The furnishers of negative reporting didn't respond to me within 30 days of receipt of my 632 letter as required by FCRA, Section 611 [15 U.S.C. § 1681i. I called all three credit-reporting agencies on July 25th requesting my negative reporting be removed based on my evidence. I sent over my evidence to all three credit-reporting agencies and they gave me the run-around and said there was nothing they can do. All three credit-reporting agencies are complicit in breaking Federal Law by not allowing, or expunging, my negative reporting by the Furnishers listed in my claim.

I believe that these acts or practices are declared unlawful by Section 2 of Chapter 93A, which declares unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce unlawful. The Federal Fair Credit Reporting Act states the following:

**§ 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]**
    (b) Duties of Furnishers of Information upon Notice of Dispute
    (1) In general. After receiving notice pursuant to section 611(a)(2)
        [§ 1681i] of a dispute with regard to the completeness or accuracy
        of any information provided by a person to a consumer reporting
        agency, the person shall
    (A) conduct an investigation with respect to the disputed information;
    (B) review all relevant information provided by the consumer reporting
        agency    pursuant to section 611(a)(2) [§ 1681i];
    (C) report the results of the investigation to the consumer reporting
        agency;
    (D) if the investigation finds that the information is incomplete or
        inaccurate, report those results to all other consumer reporting
        agencies to which the person furnished the information and that
        compile and maintain files on consumers on a nationwide basis;
        and
    (E) if an item of information disputed by a consumer is found to be
        inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1),
        for purposes of reporting to a
    consumer reporting agency only, as appropriate, based on the
    results of the reinvestigation promptly–
        (i) modify that item of information;
        (ii) delete that item of information; or
        (iii) permanently block the reporting of that item of information.

    (2) Deadline. A person shall complete all investigations, reviews, and
        reports required under paragraph (1) regarding information provided
        by the person to a consumer reporting agency, before the expiration
        of the period under section 611(a)(1) [§ 1681i] within which the
        86 § 623 - 15 U.S.C. § 1681s-2 consumer reporting agency is required to complete actions
        required by that section regarding that information.

I have suffered by not being able to get loans or credit lines due to the negative and unfair reporting of my credit and seeking the highest monetary damages allowed by the court. I am asking for relief in the amount of 5,000 or, as follows: I would give all three credit reporting agencies, Experian, Trans Union, and Equifax, an opportunity to expunge and remove the negative reporting from my credit report.

This letter serves as my request for the following relief: $5,000.

Under the provisions of Section 9 Chapter 93A, I am providing you with the opportunity to make a written offer of settlement of this claim within 30 days. If you fail to make a good faith offer of settlement in response to this request, and I institute legal action, a court may award me double or triple damages, attorney's fees and costs if the court finds in my favor.

I may be reached at the address written above, or at 781-831-4414.

I look forward to hearing from you.

Sincerely,


Craig C. Dolloff

DATE: June 6, 2016

TO: CitiMortgage
P.O. Box 6243
Sioux Falls, SD 57117-6243

FR: Craig C. Dolloff
285 St. George Street #217
Duxbury, MA 02332
781-831-4414

RE: CitiMortgage Account Number: REDACT8xxx and REDACT5xxx

---

Dear CitiMortgage,

I am writing to dispute that I am not suppose to be listed on the above account numbers with CitiMortgage. I never signed for the mortgage and that ONLY my former spouse was the ONLY person on these accounts. According to the FCRA, you have no right to be adversely reporting against all three (3) credit reporting agencies!

You are inaccurately and incompletely furnishing information regarding the above-referenced account to the Credit Reporting Agencies in violation of the reporting requirements of the FCRA, Section 623, [15 U.S.C. § 1681s-2], Responsibilities of Furnishers of Information, and for which you are responsible.

I dispute your information in its entirety and request all evidentiary closing documentation that substantiates the information supporting applicants and signer for proper verification on both accounts referenced above. I want these accounts removed from all three (3) credit-reporting agencies immediately.

This is a request for an investigation as required by the FCRA. If you do not find or respond in its entirety within the required timeframe of 30 days you must remove the negative information from my credit reports from all three (3) credit-reporting agencies.

Sincerely,

Craig C. Dolloff
285 St. George Street #217
Duxbury, MA 02332
REDACTED
REDACTED

Account Number: REDACT 8754 and REDACTxxx



# U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

SIOUX FALLS, SD 57117

Certified Mail Fee  $3.30

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy)          $ $0.00
- ☐ Return Receipt (electronic)         $ $0.00
- ☐ Certified Mail Restricted Delivery  $ $0.00
- ☐ Adult Signature Required            $ $0.00
- ☐ Adult Signature Restricted Delivery $ $0.00

Postmark Here
0364
05
JUN 21
06/21/2016

Postage  $0.47

Total Postage and Fees  $6.47

Sent To: CITI MORTGAGE
Street and Apt. No., or PO Box No.: PO BOX 6243
City, State, ZIP+4®: SIOUX FALLS, SD 57117-6243

7015 0640 0001 4777 4591

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**USPS.COM**

Quick Tools | Mail & Ship | Track & Manage | Business | International | Postal Store | Help

Search or Enter a Tracking Number

# USPS Tracking®

Customer Service ›
Have questions? We're here to help.

Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70150640000147774591

Delivered

On Time
Expected Delivery Day: Friday, June 24, 2016

## Product & Tracking Information

**Postal Product:**    **Features:**
First-Class Mail®    Certified Mail™    Return Receipt

See tracking for related item: 9590940220836132017171

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 24, 2016, 8:11 am | Delivered | SIOUX FALLS, SD 57117 |

Your item was delivered at 8:11 am on June 24, 2016 in SIOUX FALLS, SD 57117.

| | | |
|---|---|---|
| June 24, 2016, 8:03 am | Available for Pickup | SIOUX FALLS, SD 57104 |
| June 24, 2016, 7:37 am | Arrived at Unit | SIOUX FALLS, SD 57104 |
| June 24, 2016, 6:37 am | Arrived at USPS Destination Facility | SIOUX FALLS, SD 57104 |
| June 21, 2016, 4:55 pm | Departed Post Office | KINGSTON, MA 02364 |

## Available Actions

Text Updates

Email Updates

Thursday, September 8, 2016 at 17:09:43 Eastern Daylight Time

**Subject:** IMPORTANT - CitiMortgage has received your correspondence
**Date:** Monday, June 27, 2016 at 14:31:17 Eastern Daylight Time
**From:** CitiMortgage
**To:** CRAIG@SALESREALITY.COM

Having trouble viewing this e-mail? View in Web Browser / View Mobile-Friendly Version    Click here to print 



**CitiMortgage eAlert**

| E-mail Security Zone |
| --- |
| For your account ending in: 8754 |

Add servicing@email.citimortgage.com to your address book to ensure delivery.

citimortgage.com | contact us

## Documents Received

» Sign In to Your Account
» Update Your Email Preferences
» Update Your Email Address
» Check Interest Rates

Dear CRAIG C DOLLOFF,

We have received your recent correspondence, and it is in the review process.

If you need further assistance, please call our Customer Service Department at 1-800-283-7918†. Monday through Friday 8:00 AM - 10:00 PM ET, Saturday 8:00 AM - 6:00 PM ET.

CitiMortgage Customer Service

Page 1 of 2

DATE: June 6, 2016

TO: American Express
P.O. Box 9815737
El Paso, TX 79998-1537

FR: Craig C. Dolloff
285 St. George Street #217
Duxbury, MA 02332
781-831-4414

RE: AMEX Account Number: REDACTED REDACTED 6129

---

Dear American Express,

I am writing to dispute the thirty (30) days late notations you are reporting on my credit report. I have previously disputed this information with the credit bureau and the result of that investigation was verified as accurate. I have never been late on the account nor have you ever notified me, as required by the FCRA, that you have inserted negative information on my credit report.

You are inaccurately and incompletely furnishing information regarding the above-referenced account to the Credit Reporting Agencies in violation of the reporting requirements of the FCRA, Section 623, [15 U.S.C. § 1681s-2], Responsibilities of Furnishers of Information, and for which you are responsible. I want all late payment marks removed from my account. I was never late!

*I dispute your information in its entirety and request and require any and all documentation, invoices, statements mailed, recorded phone conversation and certified mail that supports and substantiates the information you have furnished and it's reporting to all credit bureaus.*

This is a request for an investigation as required by the FCRA. If you do not respond within the required timeframe of 30 days you must remove the negative information from my credit reports from all three credit-reporting agencies.

Sincerely,

Craig C. Dolloff
285 St. George Street #217
Duxbury, MA 02332
SSN: REDACTED 8100
DOB REDACTED 1961
Account Number: REDACTED REDACTED 6129



**USPS.COM**

Quick Tools | Mail & Ship | Track & Manage | Business | Postal Store | International | Help

Search or Enter a Tracking Number

# USPS Tracking®

Tracking Number: 70150640000147774607

Updated Delivery Day: **Wednesday, June 29, 2016**

## Product & Tracking Information

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™      Return Receipt

See tracking for related item: 9590940220836132017188

## Delivered

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 29, 2016, 11:21 am | Delivered | EL PASO, TX 79998 |

Your item was delivered at 11:21 am on June 29, 2016 in EL PASO, TX 79998.

| | | |
|---|---|---|
| June 29, 2016, 6:18 am | Arrived at Unit | EL PASO, TX 79910 |
| June 24, 2016, 3:36 pm | Departed USPS Destination Facility | EL PASO, TX 79910 |
| June 23, 2016, 11:50 am | Arrived at USPS Destination Facility | EL PASO, TX 79910 |
| June 22, 2016, 8:05 pm | Departed USPS Facility | BROCKTON, MA 02301 |

### Customer Service ›
Have questions? We're here to help.

### Get Easy Tracking Updates ›
Sign up for My USPS.

## Available Actions

Text Updates

Email Updates



American Express
Credit Bureau Unit
PO Box 981537
El Paso, TX 79998


www.americanexpress.com

July 4, 2016

AB 01 000755 01553 E 3 A

CRAIG C DOLLOFF
285 SAINT GEORGE ST
#217
DUXBURY MA 02332

Account Identifier: REDACTED #6129
Social Security Number: XXX-XX-8100
Re: Account Ending in 3006

Dear CRAIG C DOLLOFF,

We are writing in response to your recent inquiry regarding the credit bureau reporting of your American Express account referenced above.

We are unable to remove delinquent payment history information from this account, as the delinquency was not a result of an American Express error.

Please note: The Account Identifier Number referenced above must be included in all correspondence regarding credit bureau reporting, as it is used for furnishing information to the credit reporting agencies.

If we can be of further assistance, please write us at the above listed address or call us at 1-800-874-2717. Our hours of operation are Monday through Friday from 9:00 am to 5:30 pm Eastern Time.

Sincerely,

American Express Credit Bureau Unit

| Trans Union Consumer Relations | Equifax Credit Information Services | Experian | D&B |
|---|---|---|---|
| 2 Baldwin Place P.O. Box 1000 Chester, PA 19022 1-800-888-4213/ 1-800-916-8800 www.transunion.com/direct | PO Box 740241 Atlanta, GA 30374 1-800-685-1111 www.equifax.com | 701 Experian Parkway P.O. Box 2002 Allen, TX 75013 1-888-397-3742 www.experian.com/ra | 3501 Corporate Parkway P.O Box 520 Center Valley, PA 18034-0520 1-866-785-0429 www.dnb.com For OPEN Small Business Network accounts only |

DATE: June 6, 2016

TO:   CitiMortgage
      P.O. Box 6243
      Sioux Falls, SD 57117-6243

FR:   Craig C. Dolloff
      285 St. George Street #217
      Duxbury, MA 02332
      781-831-4414

RE:   CitiMortgage HARD CREDIT INQUIRES NOT AUTHORIZED

---

Dear CitiMortgage,

I am writing to dispute the HARD CREDIT INQUIRES that you are reporting on my credit report. I have previously disputed this information with the credit bureau and the result of that investigation was verified as accurate. I NEVER AUTHORIZED any HARD CREDIT INQUIRES nor have you ever notified me, as required by the FCRA, that you get written authorization to inquire on my credit status.

You have harmed me by doing hard credit inquires on:
5/2/2016 - 4/11/2016 - 3/3/2016 - 12/29/2015 - 10/08/2015 - 6/26/2015 - 3/13/2015 - 11/26/2014 - 10/03/2014 - 09/18/2014

The above Hard Credit Inquiries were communicated to the Credit Reporting Agencies in violation of the reporting requirements of the FCRA, Section 623, [15 U.S.C. § 1681s-2], Responsibilities of Furnishers of Information, and for which you are responsible. I never authorized these inquiries.

*I request and require all documents supporting every inquiry pulled by the date showing that I acknowledged and or signed off on authorizing these inquiries to be pulled by CitiMortgage.* I want all the above HARD CREDIT INQUIRIES REMOVED from my account.

This is a request for an investigation as required by the FCRA. If you do not respond within the required timeframe of 30 days you must remove the negative information from my credit reports from all three credit-reporting agencies.

Sincerely,

[signature]

Craig C. Dolloff
285 St. George Street #217
Duxbury, MA 02332
781-831-4414



**USPS.COM**

Quick Tools ▼ | Mail & Ship | Track & Manage | Postal Store | Business | International | Help

Search or Enter a Tracking Number

# USPS Tracking®

Customer Service ›
Have questions? We're here to help.

Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70150640000147774614

● Delivered

On Time
Expected Delivery Day: Friday, June 24, 2016

## Product & Tracking Information

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™   Return Receipt 9590940220836132017195

See tracking for related item: 9590940220836132017195

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 24, 2016 , 6:15 am | Delivered | SIOUX FALLS, SD 57117 |

Your item was delivered at 6:15 am on June 24, 2016 in SIOUX FALLS, SD 57117.

| | | |
|---|---|---|
| June 24, 2016 , 3:29 am | Arrived at Unit | SIOUX FALLS, SD 57104 |
| June 23, 2016 , 9:21 am | Arrived at USPS Destination Facility | SIOUX FALLS, SD 57104 |
| June 22, 2016 , 8:05 pm | Departed USPS Facility | BROCKTON, MA 02301 |
| June 21, 2016 , 9:10 pm | Arrived at USPS Origin Facility | BROCKTON, MA 02301 |

## Available Actions

Text Updates ●

Email Updates ●

Name

Email Address

+ ADD ANOTHER EMAIL

☐ Send me only delivery or delivery attempt activity
☐ Send me all activity until this point
☐ Send me all future activity for this item



   defined in section 403(3), or an entity that would be a credit repair organization, but for section 403(3)(B)(i).

  (9) *Duty to provide notice of status as medical information furnisher.* A person whose primary business is providing medical services, products, or devices, or the person's agent or assignee, who furnishes information to a consumer reporting agency on a consumer shall be considered a medical information furnisher for purposes of this title, and shall notify the agency of such status.

(b) Duties of Furnishers of Information upon Notice of Dispute

 (1) *In general.* After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

  (A) conduct an investigation with respect to the disputed information;

  (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

  (C) report the results of the investigation to the consumer reporting agency;

  (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

  (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–

   (i) modify that item of information;

   (ii) delete that item of information; or

   (iii) permanently block the reporting of that item of information.

 (2) *Deadline.* A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the

## § 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i]

(a) Reinvestigations of Disputed Information

    (1) Reinvestigation Required

        (A) *In general.* Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

        (B) *Extension of period to reinvestigate.* Except as provided in subparagraph (c), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

        (C) *Limitations on extension of period to reinvestigate.* Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

    (2) Prompt Notice of Dispute to Furnisher of Information

        (A) *In general.* Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

        (B) *Provision of other information.* The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute